<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-7607**

---

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

     versus

AARON THOMAS, a/k/a Kenny Murphy,

                                    Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden II, District Judge. (CR-94-169; CA-00-409)

---

Submitted: January 29, 2004         Decided: February 9, 2004

---

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Aaron Thomas, Appellant Pro Se. Miller Allison Bushong, III, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Aaron Thomas seeks to appeal the district court's order denying his 28 U.S.C. § 2255 (2000) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir. Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on June 28, 2000. The notice of appeal was filed on August 14, 2003.[*] Because Thomas failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We deny Thomas' motion for a certificate of appealability as moot, and we dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[*]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

materials before the court and argument would not aid the decisional process.

DISMISSED